OPINION OF THE COURT
Lawrence E. Kahn, J.
This special proceeding has been commenced by the Com *698 missioner of the New York State Division of Housing and Community Renewal, pursuant to the authority found in Real Property Law §233 (v). The petition seeks an adjudication that respondent has violated provisions of the Real Property Law, which prohibit a mobile home park owner from engaging in a retaliatory eviction against an individual who has, in good faith, alleged violations of applicable health and safety laws or regulations, or has sought to enforce any available rights, or participated in the activities of a mobile home tenants organization. The petition seeks to enjoin respondent from evicting the tenants from premises known as lot number 30 in Stockade Mobile Home Park, Town of Milton, Saratoga County, New York. The order to show cause which commenced this litigation contains a stay of eviction proceedings which are presently pending in the Justice Court of the Town of Milton. Respondent has elected not to answer the petition. Rather, he has cross-moved, in the nature of an objection in point of law, seeking an order referring the issue of retaliation to the Town of Milton Justice Court for trial "with it to report its findings to this court for final judgment.”
Respondent’s motion shall be denied. He shall be directed to serve an answer within five days after service of an order in conformance herewith, with notice of entry. Petitioner may then renotice this proceeding upon two days’ notice (CPLR 404). Thereafter, the court shall determine whether the pleadings raise any triable issues of fact which , may necessitate a trial. In the interim, the stay contained in the original order to show cause shall remain in effect.
The submissions before the court indicate that George Astle and his wife, Randy Astle, occupy a mobile home on the lot in issue. The submissions also indicate that Randy Astle has been active in promoting the rights of mobile home occupants and is presently the president of the Saratoga County Mobile Home Owners’ Association, as well as the Stockade Mobile Home Park Tenants’ Association. She has apparently been very active in proposing mobile home legislation within the Town of Milton and the County of Saratoga. Respondent has raised an issue of whether her activities are relevant in this proceeding. He asserts that she is not a "mobile home tenant” within the meaning of Real Property Law § 233 (n) (1), and as such, may not raise the affirmative defense of retaliatory eviction. That argument is without merit. In this regard, the entire section governing the duties and responsibilities of mobile home park operators must be read in its entirety, and *699 need not be limited to the restricted view urged by respondent. The statute is remedial in nature and is intended to afford basic protections to individuals who reside in mobile home parks throughout the State of New York. In order to afford the true protection sought by the enactment of the statute, the activities of Randy Astle, as the spouse of George Astle, are relevant upon the question of a retaliatory eviction. This is particularly true in the case at bar, where there apparently is no written lease which identifies who is the actual "mobile home tenant”. Further, even if George Astle be deemed the "tenant” within the strict confines of the statute, the activities of his spouse and cotenant must certainly be deemed to be protected by the statute. Respondent’s assertion that Randy Astle "is nothing more than a mere occupant” is at best demeaning, and at worst, ignores the rights of all those who live within the confines of the Stockade Mobile Home Park.
As aforesaid, the question of whether respondent has, or is attempting to engage in a retaliatory eviction may not be determined until after issue has been joined by service of a responsive pleading. The burden of proof upon that issue will rest with petitioner. With specific reference to the case at bar, and to such proceedings generally, it does not appear that the statute intends to cloak persons who participate in the activities of a tenants’ organization, or other activity recognized by the statute with an impenetrable right to extend a month-to-month tenancy in perpetuity. Petitioner has the burden, whether or not benefited by the statutory presumption created by Real Property Law § 223-b (5), to establish that the eviction is indeed retaliatory in nature. This burden must be met by proper proof in evidentiary form, and may not be met by mere conjecture or surmise.